982 So.2d 899 (2008)
Misty Marie Ruschel ORDOYNE
v.
Bill Joseph ORDOYNE, Jr.
No. 2007-CA-0235.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 2008.
*900 Rita K. Akehurst, II, Rita Akehurst & Associates, Houston, TX, for Defendant/Appellant, Bill Joseph Ordoyne, Jr.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
In this child custody matter, the defendant, Bill Joseph Ordoyne, Jr. ("Mr. Ordoyne"), appeals from a trial court judgment denying his peremptory exception of no cause of action. He also appeals an oral ruling of the trial court finding him in contempt of court.

FACTS AND PROCEDURAL HISTORY
Mr. Ordoyne and the plaintiff, Misty Marie Ruschel Ordoyne ("Ms. Ordoyne")[1] were married in 1995 and divorced in 1998. The couple has three minor children. Pursuant to a consent judgment entered into by the parties and signed by the trial court on March 17, 2005, Mr. Ordoyne and Ms. Ordoyne shared joint custody of the children, with Mr. Ordoyne named as the domiciliary parent. The consent judgment provided that Ms. Ordoyne would have supervised visitation with the children every other weekend at the home of her parents, Mr. and Mrs. Leonard Ruschel. It further provided that if Ms. Ordoyne lived in her own home for a period of six months without incident, then the children would be allowed to spend one night at her home (unsupervised) and one night at her parents' home (supervised) during the weekend visitations, and if she lived in her own home for one year without incident Ms. Ordoyne would have unsupervised weekend visitations. Also, pursuant to the consent judgment, Ms. Ordoyne was required to pay for the children's school supplies each year beginning with the 2005-2006 school year.
*901 On June 6, 2006, Ms. Ordoyne filed a "Rule for Custody" seeking a change in custody and domiciliary custody of the children and a request for mediation.[2] In response, Mr. Ordoyne filed peremptory exceptions of no cause of action and res judicata, a rule for contempt and a motion for sanctions for filing a frivolous pleading, arguing that the consent judgment of March 17, 2005 was still in effect, that Ms. Ordoyne failed to allege any material change in circumstance since then, and that she had violated several terms of the consent judgment.
Following a hearing held on August 16, 2006, the trial court ordered both parties to undergo a child custody evaluation at Ms. Ordoyne's expense. Mr. Ordoyne objected to the trial court's ordering another custody evaluation[3] without first considering his peremptory exceptions and requested the court to stay the order to allow him to apply for an emergency writ to this court. The trial court denied the stay, and Mr. Ordoyne filed an emergency writ application and a request for a stay in this court. This court denied the stay and the writ application.[4] Mr. Ordoyne then applied for a writ and a request for a stay to the Louisiana Supreme Court, which were denied.[5]
A hearing on Mr. Ordoyne's exceptions, rule for contempt and motion for sanctions was held October 30, 2006. The trial judge denied Mr. Ordoyne's exceptions of no cause of action and res judicata and the motion for sanctions, finding that Ms. Ordoyne had alleged a substantial change of circumstances. The trial judge then held Mr. Ordoyne in contempt of court for not undergoing the custody evaluation as ordered.[6] Mr. Ordoyne appealed.

ASSIGNMENTS OF ERROR
Mr. Ordoyne asserts two assignments of error on appeal. First, he contends that the trial court erred in denying his exception of no cause of action where Ms. Ordoyne failed to allege any material change in the circumstances. Second, he argues that the trial court erred in finding him in contempt of court for not undergoing the custody evaluation while his application for supervisory writs and requests for a stay from the August 16, 2006 judgment were pending.

*902 LAW AND DISCUSSION
Exception of no cause of action
Generally, the denial of an exception of no cause of action is a nonappealable interlocutory judgment. La. C.C.P. arts. 1841 and 2083(C). In this case, however, the record indicates that Mr. Ordoyne timely filed a "Notice of Intent to File [a] Supervisory Writ and/or an Appeal" and the trial court set the return date in accord with the Louisiana Code of Civil Procedure. Considering that Mr. Ordoyne timely filed his appeal within the delays allowed for applying for supervisory writs[7], we will convert the appeal, in part, to a writ and consider the first assignment of error under our supervisory jurisdiction.
Whether a plaintiff has a cause of action is a question of law. Therefore, this Court is required to conduct a de novo review in determining whether the trial court was legally correct in denying the exception of no cause of action. See, e.g., Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217.
In the Badeaux case, the Louisiana Supreme Court discussed the function of an exception of no cause of action and stated that an exception of no cause of action "questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." 05-0612, 05-719, p. 7, 929 So.2d at 1217. In considering the merits of an exception of no cause of action, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition. Id. To resolve the issues raised by an exception of no cause of action, "each well-pleaded fact in the petition must be accepted as true." Id.
Regarding a change of custody, the Louisiana Supreme Court in Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, stated that when the custody decree sought to be modified is a stipulated judgment[8], the party seeking to modify the decree must prove "(1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." Id., p. 13, 708 So.2d at 738.
In this case, Ms. Ordoyne, completed the pre-printed "Rule for Custody" form requesting the court to set a hearing for custody and gave only the following reasons: "Rule to change custody/ domicilliary (sic) status/ request for mediation." On the face of the pleading, Ms. Ordoyne does not allege any fact of a material change in circumstance. Thus, we find Ms. Ordoyne's rule does not state a cause of action for a change of custody.
Nonetheless, when a petition fails to state a cause of action, but may be amended to cure the defect, the court shall grant the plaintiff leave to amend. La. C.C.P. art. 934; See Badeaux, XXXX-XXXX, 2005-719, p. 10, 929 So.2d at 1219. If the petition's allegations are merely conclusory and fail to specify the acts that establish a cause of action, then the district court should permit the plaintiff the opportunity to amend the petition. XXXX-XXXX, 2005-719, p. 11, 929 So.2d at 1219. Therefore, Ms. Ordoyne should be afforded an opportunity to amend her rule to state a cause of action for a change of custody.
*903 Finding of Contempt
With respect to the trial court's finding Mr. Ordoyne guilty of contempt in open court at the October 30, 2006 hearing, the record does not include either an order from the trial court adjudging Mr. Ordoyne in contempt as required by La. C.C.P. art. 225(B)[9] or a written judgment adjudging him in contempt pursuant to La. C.C.P. art. 1916(B).[10] Under such circumstances, there is no final order or judgment of contempt for this court to review. Thus, the appeal of the contempt finding is dismissed.

DECREE
Accordingly, we convert Mr. Ordoyne's appeal of the denial of his exception of no cause of action to a writ and, in exercising our supervisory jurisdiction, find Ms. Ordoyne has not stated a cause of action for a change of custody. Thus, we reverse the November 28, 2006 judgment of the trial court insofar as it denied Mr. Ordoyne's exception of no cause of action. However, we remand the case to the district court to allow Ms. Ordoyne to amend her rule to state a cause of action for a change of custody. Furthermore, to the extent Mr. Ordoyne appeals from the trial court's finding him in contempt in open court, we dismiss the appeal as there is no valid order ruling him guilty of contempt.
APPEAL CONVERTED TO A WRIT IN PART AND JUDGMENT REVERSED IN PART; APPEAL DISMISSED IN PART.
NOTES
[1] Ms. Ordoyne is now married to Emmanuel Farciert and uses the name, Misty Farciert. We will refer to her in this opinion as Ms. Ordoyne.
[2] Ms. Ordoyne completed a pre-printed "Rule for Custody" form, which she obtained from the district court clerk's office.
[3] The parties had undergone two prior custody evaluations.
[4] Ordoyne v. Ordoyne, unpub., XXXX-XXXX, (La.App. 4 Cir. 10/12/06).
[5] Ordoyne v. Ordoyne, 2006-2550, 2006-2551 (La.10/25/06), 939 So.2d 1267.
[6] The transcript from the hearing indicates that the trial court also considered Mr. Ordoyne's rule for contempt alleging that Ms. Ordoyne violated the March 17, 2005 consent judgment by not complying with the supervised visitation provision and failing to purchase the children's school supplies. The trial court, however, did not rule on his rule for contempt. The transcript further indicates that Mr. Ordoyne's attorney orally moved for the trial court to transfer the matter to the 24th Judicial District Court in Jefferson Parish based on the fact that Ms. Ordoyne no longer lived in Orleans Parish and Mr. Ordoyne and the children had been domiciled in Jefferson Parish since 2000. The trial court denied the oral motion. After a heated verbal exchange between the trial judge and Mr. Ordoyne's attorney, the attorney orally moved for the trial judge to recuse herself from the matter. The trial judge denied that motion, too. Mr. Ordoyne's attorney then informed the court that she was going to seek writs to this court on the trial court's denial of the exceptions, motion for sanctions, oral motion to transfer, oral motion to recuse and the finding of Mr. Ordoyne in contempt.
[7] See La. C.C.P. art. 1914 and Uniform Rules  Courts of Appeal, Rule 4-3.
[8] A stipulated judgment is one in which the parties consent to a custodial arrangement and no evidence of parental fitness is taken. 97-0541, 97-0577, p. 13, 708 So.2d at 738.
[9] La.C.C.P. art. 225(B), provides:

If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.
[10] La.C.C.P. art. 1916(B), provides:

In all other matters, including a confirmation of a preliminary judgment by default, trial on the merits of the case, trial of an exception or motion, or any contradictory hearing, when the court renders a decision in open court and on the record capable of being transcribed and a judgment is not signed immediately, the court shall prepare and sign a judgment within ten days of rendition in open court, or the court may order counsel for a party in the case to prepare and submit a judgment to the court for signature no later than thirty days after rendition in open court, in accordance with the rules for Louisiana district courts. This Paragraph shall apply to all final judgments in the Chapter and to interlocutory judgments reduced to writing.