37 So.3d 400 (2010)
Charles BERCY
v.
Donald ST. MARTIN and Eagle Transportation Inc.
No. 2009-CA-0864.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 2010.
Opinion Granting Rehearing April 15, 2010.
*401 Bryan K. Jefferson, Barker, Boudreaux, Lamy & Foley, New Orleans, LA, for Plaintiff/Appellee Charles Bercy.
Geri Broussard Baloney, Abril B. Sutherland, Keyojuan L. Gant, Broussard Baloney Law Firm, APC, Garyville, LA, for Appellant, Regional Transit Authority and Transit Management of Southeast Louisiana, Inc.
Rene's. Paysse, Jr., Thomas P. Anzelmo, Jr., Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for Defendants/Appellees, Louisiana Insurance Guaranty Association and Eagle Transportation, Inc.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge MAX N. TOBIAS, JR.)
JOAN BERNARD ARMSTRONG, Chief Judge.
The defendants-appellants, the Regional Transit Authority (RTA) and Transit Management of Southeast Louisiana, Inc. (TMSEL), appeal a May 13, 2009 judgment[1], dismissing their Exception of No Cause of Action.
On November 26, 1996, the plaintiff-appellee, Charles Bercy, an employee of RTA and TMSEL, alleges that he was driving an RTA bus when he was struck by an eighteen-wheeler tractor-trailer truck driven by the defendant, Donald St. Martin, and owned by another defendant, Eagle Transportation. At the time of the accident, United Southern Assurance Company provided a policy of commercial automobile liability insurance covering Eagle Transportation. United Southern, Eagle and Donald St. Martin were all named as defendants in the plaintiff's original petition filed on November 17, 1997.
Although neither RTA nor TMSEL was named as a defendant in the plaintiff's *402 original petition, in the very first paragraph of that petition he alleges that:
Charles Bercy, petitioner in the above captioned matter is a competent adult and a resident of the Parish of Orleans who at all times material hereto was employed by and working within the course and scope of his employment with the Regional Transit Authority.
On September 10, 1998 TMSEL filed a petition of intervention seeking reimbursement for workers' compensation benefits and medical payments arising out of the accident based on the fact that, according to the above quoted first numbered paragraph of plaintiff's petition, TMSEL was plaintiff's employer.
On January 10, 2001, the plaintiff filed a supplemental petition naming the Louisiana Insurance Guaranty Association (LIGA) as the successor to the insolvent United Southern.
On March 27, 2007, the plaintiff filed a second supplemental and amending petition naming the RTA, TMSEL and Lexington Insurance Companies as additional defendants, alleging that they "may" provide uninsured/underinsured motorist coverage to the plaintiff. In this second supplemental and amending petition the plaintiff specifically alleges that both the RTA and TMSEL are self-insured entities. Whether RTA or TMSEL, or technically both, were plaintiff's employer at the time of the accident is not entirely clear at this stage of the proceedings. However, one thing is clear from the face of the pleadings: If either or both RTA and TMSEL is liable to the plaintiff for UM coverage, it is only because either or both of them were his employer at the time of the accident.
The RTA and TMSEL responded to plaintiff's second supplemental and amending petition with an exception of no cause of action based on the contention that, as an RTA employee, plaintiff's exclusive remedy against the RTA and TMSEL was in workers' compensation. RTA and TMSEL also contend that as political subdivisions they are not required to furnish UM coverage.
Before addressing any of the substantive issues in the case, we must first consider the plaintiff's contention that the denial of an exception of no cause of action is generally considered to be a nonappealable interlocutory order. This Court addressed this issue in Ordoyne v. Ordoyne, 07-0235, (La.App. 4 Cir. 4/2/08), 982 So.2d 899:
Generally, the denial of an exception of no cause of action is a nonappealable interlocutory judgment. La. C.C.P. arts. 1841 and 2083(C). In this case, however, the record indicates that Mr. Ordoyne timely filed a "Notice of Intent to File [a] Supervisory Writ and/or an Appeal" and the trial court set the return date in accord with the Louisiana Code of Civil Procedure. Considering that Mr. Ordoyne timely filed his appeal within the delays allowed for applying for supervisory writs, we will convert the appeal, in part, to a writ and consider the first assignment of error under our supervisory jurisdiction.
Id, 07-0235, p. 4, 982 So.2d at 902.
Applying Ordoyne the instant case we find that the judgment herein was signed on May 13, 2009. The notice of appeal was filed the very next day, and the order granting the appeal was signed on May 19, 2009, all well within the delays for applying for a supervisory writ. Therefore, we hereby convert the appeal to a writ and consider it under our supervisory jurisdiction and consider the RTA/TMSEL arguments in that manner. This procedure furthers the cause of judicial economy, because, based on the finding that the RTA/TMSEL *403 exception of no cause of action has merit, we would properly take notice of it on our own motion if and when it came back to this Court on appeal after a trial on the merits.
The law does not require self-insured entities to provide UM coverage. LSA-R.S. 32:1041; LSA-R.S. 32:1042; LSA-R.S. 32:851. See also Tybussek v. Wong, 96-1981 (La.App. 4 Cir. 2/26/97), 690 So.2d 225; Richardson v. Lott, 04-2770, p. 6 (La.App. 1 Cir. 2/10/06), 928 So.2d 567, 571.
Under Louisiana law, self-insurers have no obligation to provide UM coverage because self insurance is not considered an insurance policy and UM coverage is only required if an insurance policy is purchased. Thus, although a vehicle owner has the option of obtaining a certificate of self-insurance, by doing so, the owner is neither purchasing insurance nor insuring the risk of having to pay UM benefits. See Hearty v. Harris, 574 So.2d at 1237-1238; Jordan v. Honea, 407 So.2d 503, 504 (La.App. 1 Cir.1981), writs denied, 409 So.2d 654 and 660 (La.1982); Jones v. Henry, 542 So.2d 507, 509 (La.1989).
Tybussek v. Wong, 96-1981, p. 8 (La.App. 4 Cir. 2/26/97), 690 So.2d 225, 230.
The plaintiff and the defendants disagree about the effective dates of certain statutes and their meanings concerning self-insured UM coverage, but it is not necessary to untangle those knots. We find this Court's decision in Jackson v. Cockerham, 05-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138, to be fully dispositive of this appeal. In that case, the RTA and TMSEL were also defendants in a suit brought by one of their bus drivers seeking UM coverage from them arising out of a collision in the course and scope of that driver's employment, a fact situation presenting legal issues indistinguishable from the instant case. In Jackson this Court held that:
La. R.S. 23:1032 provides that an employee's exclusive remedy against an employer for a work-related injury is the right to workers' [sic] compensation benefits. An exception to this general rule exists when the employee's injury or disease is the result of an intentional tort. There has been no allegation of intentional tort in this case.
It is undisputed that Ms. Williams was within the course and scope of her employment as a bus driver for defendants at the time of the accident at issue. Thus, the trial court erred in ruling that Ms. Williams is entitled to recover UM benefits from defendants for this accident. Ms. Williams' exclusive remedy is worker's [sic] compensation. Accordingly, the judgment awarding UM benefits to her is reversed.
Id., 05-0320, p. 11, 931 So.2d at 1145.
We read Jackson to mean that the exclusive remedy of an employee, injured in the course and scope of his employment, is in workers' compensation and that such an employee has no cause of action for UM coverage against his self-insured employer. To rule otherwise would provide the employee a backdoor way of recovering more from his employer than the exclusive workers' compensation remedy, since the UM coverage of a self-insured employer would come out of that employer's pocket. The plaintiff neither distinguishes Jackson in any way, nor does he cite any legal authority to the contrary.
For the foregoing reasons, we convert the appeal to a writ, grant the writ, and render judgment in favor of the RTA and TMSEL vacating the judgment of the trial court by granting their exception of no cause of action, and remand for further proceedings consistent with this opinion.
*404 APPEAL CONVERTED TO A WRIT; WRIT GRANTED; DEFENDANTS' EXCEPTION OF NO CAUSE OF ACTION GRANTED; REMANDED.

ON APPLICATION FOR REHEARING
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY and Judge MAX N. TOBIAS, JR. and Judge ROLAND L. BELSOME).
JOAN BERNARD ARMSTRONG, Chief Judge.
The appellees, the Louisiana Insurance Guaranty Association ("LIGA"), Eagle Transportation, Inc., and the plaintiff, Charles Bercy, request rehearing and/or clarification of the January 6, 2010 decision of this Court regarding the effect that the granting of the exception of no cause of action in favor of the appellants, RTA and TMSEL would have on the summary judgment the trial court rendered in favor of LIGA and Eagle Transportation.
The trial court in its judgment of May 13, 2009, granted the Motion for Summary judgment filed by LIGA[1] and Eagle Transportation on the grounds that TMSEL was required to provide UM coverage[2]. Predicated on this holding that TMSEL was required to provide UM coverage, the trial court judgment also decreed that:
[T]he damages of the plaintiff, Charles Bercy, do not exceed the amount of the self-insured retention of the Transit Management of Southeast Louisiana, Inc.; therefore, the claims against the Louisiana Insurance Guaranty Association and Eagle Transportation are dismissed...
Finally, in the same judgment, the trial court dismissed the exception of no cause of action filed by TMSEL and RTA.
The defendants-appellants, TMSEL and RTA, appealed the trial court judgment of May 13, 2009. In considering that portion of the aforesaid judgment denying the exception of no cause of action filed by the TMSEL and RTA, in an opinion rendered on January 6, 2010, this Court converted the appeal into a writ, granted the writ, granted the exception of no cause of action, and remanded for further proceedings.
The decision of this Court rendered on January 6, 2010, on the question of the exception of no cause of action was silent as to the trial court's ruling in regard to the motion for summary judgment. We note that no argument was made by the appellants, TMSEL and RTA, in their brief on appeal (converted into a writ) addressing the motion for summary judgment and no other party appealed the granting of that motion. For that reason this Court did not address the motion for summary judgment in its opinion. See Uniform RulesCourts of Appeal, Rule 2-12.4.
Defendants-appellants, LIGA and Eagle Transportation, Inc., and the plaintiff-appellee, Charles Bercy, are now before this Court on applications for rehearing and/or clarification of the January 6, 2010 opinion of this Court, requesting this Court to rule on that portion of the trial court's judgment concerning the granting of the LIGA *405 and Eagle Transportation motion for summary judgment.
The plaintiff's brief in support of his application for rehearing points out that the decision of the trial court to grant LIGA's motion for summary judgment was predicated upon the availability of UM coverage through TMSEL. This is consistent with the trial court ruling denying TMSEL's and RTA's exception of no cause of action. The plaintiff argues, in effect, that when this Court granted the exception of no cause of action in favor of TMSEL and RTA, that it ipso facto reversed that portion of the trial court judgment decreeing that TMSEL was required to furnish uninsured motorist coverage to the plaintiff. For this reason, the plaintiff now asks this Court to reverse the granting of the motion for summary judgment.
LIGA and Eagle Transportation state in their brief on rehearing that they "adopt in extenso the Petition for Rehearing of appellee, Charles Bercy," which brief, as we noted in the previous paragraph, includes a prayer for the reversal of the motion for summary judgment. However, the request of the plaintiff to reverse the granting of the summary motion in favor of LIGA and Eagle Transportation and which LIGA and Eagle Transportation adopt by reference, is difficult to reconcile with the rest of LIGA's and Eagle Transportation's rehearing application which seemingly argues that this Court should affirm the trial court's holding that TMSEL is required to furnish UM coverage in favor of the plaintiff.
In any event, in spite of the fact that the plaintiff did not appeal the ruling on the motion for summary judgment or file an answer to TMSEL's and RTA's appeal in that regard, and this Court does not normally reverse or modify a judgment in whole or in part at the request of a party who has neither appealed nor answered an appeal, in this instance we deem it appropriate to do so. The summary judgment ruling below holds that TMSEL is required to provide UM coverage in favor of the plaintiff. This cannot be reconciled with our opinion granting TMSEL's exception of no cause of action based on a finding that the plaintiff has no cause of action against TMSEL for UM coverage. Therefore, we hold that the granting by this Court of TMSEL's exception of no cause of action ipso facto vacates the judgment of the trial court granting the motion for summary judgment.
In the interest of completeness, we also note that the plaintiff has acknowledged that his damages do not exceed $2,000,000.00.
For the foregoing reasons, we grant rehearing, reaffirm the opinion of this court rendered on January 6, 2010, amend it to vacate the summary judgment in favor of LIGA and Eagle Transportation, and remand to the trial court for further proceedings.
REHEARING GRANTED; ORIGINAL OPINION AFFIRMED AND AMENDED; REMANDED.
TOBIAS, J., dissents in part.
BELSOME, J., dissents in part for the reasons assigned by Judge TOBIAS.
TOBIAS, J., dissents in part.
Whereas I have no objection to the majority noting the issue assigned by Louisiana Insurance Guaranty Association and Eagle Transportation, Inc. in their application for rehearing, I respectfully dissent from the majority addressing the issue of the motion for summary judgment because it was never assigned as error by them *406 originally as required by Rule 2-12.4, Unif. Rules, Cts. of App.
NOTES
[1] There are no reasons for judgment.
[1] LIGA was substituted for United Southern Assurance Company, the insolvent insurer of Eagle Transportation and Donald St. Martin
[2] To be more precise, the judgment stated that TMSEL was "required to provide under-insured/uninsured motorist coverage in favor of the plaintiff in the same amounts as their self-insured retention and that said coverage must be exhausted prior to any recovery from Louisiana Insurance Guaranty Association."