JOAN BERNARD ARMSTRONG, Chief Judge.
The defendants-appellants, the Regional Transit Authority (RTA) and Transit Management of Southeast Louisiana, Inc. (TMSEL), appeal a May 13, 2009 judgment[1], dismissing their Exception of No Cause of Action.
On November 26, 1996, the plaintiff-ap-pellee, Charles Bercy, an employee of RTA and TMSEL, alleges that he was driving an RTA bus when he was struck by an eighteen-wheeler tractor-trailer truck driven by the defendant, Donald St. Martin, and owned by another defendant, Eagle Transportation. At the time of the accident, United Southern Assurance Company provided a policy of commercial automobile liability insurance covering Eagle Transportation. United Southern, Eagle and Donald St. Martin were all named as defendants in the plaintiffs original petition filed on November 17, 1997.
Although neither RTA nor TMSEL was named as a defendant in the plaintiffs *402 original petition, in the very first paragraph of that petition he alleges that:
Charles Bercy, petitioner in the above captioned matter is a competent adult and a resident of the Parish of Orleans who at all times material hereto was employed by and working within the course and scope of his employment with the Regional Transit Authority.
On September 10, 1998 TMSEL filed a petition of intervention seeking reimbursement for workers’ compensation benefits and medical payments arising out of the accident based on the fact that, according to the above quoted first numbered paragraph of plaintiffs petition, TMSEL was plaintiffs employer.
On January 10, 2001, the plaintiff filed a supplemental petition naming the Louisiana Insurance Guaranty Association (LIGA) as the successor to the insolvent United Southern.
On March 27, 2007, the plaintiff filed a second supplemental and amending petition naming the RTA, TMSEL and Lexington Insurance Companies as additional defendants, alleging that they “may” provide uninsured/underinsured motorist coverage to the plaintiff. In this second supplemental and amending petition the plaintiff specifically alleges that both the RTA and TMSEL are self-insured entities. Whether RTA or TMSEL, or technically both, were plaintiffs employer at the time of the accident is not entirely clear at this stage of the proceedings. However, one thing is clear from the face of the pleadings: If either or both RTA and TMSEL is liable to the plaintiff for UM coverage, it is only because either or both of them were his employer at the time of the accident.
The RTA and TMSEL responded to plaintiffs second supplemental and amending petition with an exception of no cause of action based on the contention that, as an RTA employee, plaintiffs exclusive remedy against the RTA and TMSEL was in workers’ compensation. RTA and TMSEL also contend that as political subdivisions they are not required to furnish UM coverage.
Before addressing any of the substantive issues in the case, we must first consider the plaintiffs contention that the denial of an exception of no cause of action is generally considered to be a nonap-pealable interlocutory order. This Court addressed this issue in Ordoyne v. Ordoyne, 07-0235, (La.App. 4 Cir. 4/2/08), 982 So.2d 899:
Generally, the denial of an exception of no cause of action is a nonappealable interlocutory judgment. La. C.C.P. arts. 1841 and 2083(C). In this case, however, the record indicates that Mr. Ordoyne timely filed a “Notice of Intent to File [a] Supervisory Writ and/or an Appeal” and the trial court set the return date in accord with the Louisiana Code of Civil Procedure. Considering that Mr. Ordoyne timely filed his appeal within the delays allowed for applying for supervisory writs, we will convert the appeal, in part, to a writ and consider the first assignment of error under our supervisory jurisdiction.
Id, 07-0235, p. 4, 982 So.2d at 902.
Applying Ordoyne the instant case we find that the judgment herein was signed on May 13, 2009. The notice of appeal was filed the very next day, and the order granting the appeal was signed on May 19, 2009, all well within the delays for applying for a supervisory writ. Therefore, we hereby convert the appeal to a writ and consider it under our supervisory jurisdiction and consider the RTA/TMSEL arguments in that manner. This procedure furthers the cause of judicial economy, because, based on the finding that the RTA/ *403 TMSEL exception of no cause of action has merit, we would properly take notice of it on our own motion if and when it came back to this Court on appeal after a trial on the merits.
 The law does not require self-insured entities to provide UM coverage. LSA-R.S. 32:1041; LSA-R.S. 32:1042; LSA-R.S. 32:851. See also Tybussek v. Wong, 96-1981 (La.App. 4 Cir. 2/26/97), 690 So.2d 225; Richardson v. Lott, 04-2770, p. 6 (La.App. 1 Cir. 2/10/06), 928 So.2d 567, 571.
Under Louisiana law, self-insurers have no obligation to provide UM coverage because self insurance is not considered an insurance policy and UM coverage is only required if an insurance policy is purchased. Thus, although a vehicle owner has the option of obtaining a certificate of self-insurance, by doing so, the owner is neither purchasing insurance nor insuring the risk of having to pay UM benefits. See Hearty v. Harris, 574 So.2d at 1237-1238; Jordan v. Honea, 407 So.2d 503, 504 (La.App. 1 Cir.1981), writs denied, 409 So.2d 654 and 660 (La.1982); Jones v. Henry, 542 So.2d 507, 509 (La.1989).
Tybussek v. Wong, 96-1981, p. 8 (La.App. 4 Cir. 2/26/97), 690 So.2d 225, 230.
The plaintiff and the defendants disagree about the effective dates of certain statutes and their meanings concerning self-insured UM coverage, but it is not necessary to untangle those knots. We find this Court’s decision in Jackson v. Cockerham, 05-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138, to be fully disposi-tive of this appeal. In that case, the RTA and TMSEL were also defendants in a suit brought by one of their bus drivers seeking UM coverage from them arising out of a collision in the course and scope of that driver’s employment, a fact situation presenting legal issues indistinguishable from the instant case. In Jackson this Court held that:
La. R.S. 23:1032 provides that an employee’s exclusive remedy against an employer for a work-related injury is the right to workers’ [sic] compensation benefits. An exception to this general rule exists when the employee’s injury or disease is the result of an intentional tort. There has been no allegation of intentional tort in this case.
It is undisputed that Ms. Williams was within the course and scope of her employment as a bus driver for defendants at the time of the accident at issue. Thus, the trial court erred in ruling that Ms. Williams is entitled to recover UM benefits from defendants for this accident. Ms. Williams’ exclusive remedy is worker’s [sic] compensation. Accordingly, the judgment awarding UM benefits to her is reversed.
Id., 05-0320, p. 11, 931 So.2d at 1145.
We read Jackson to mean that the exclusive remedy of an employee, injured in the course and scope of his employment, is in workers’ compensation and that such an employee has no cause of action for UM coverage against his self-insured employer. To rule otherwise would provide the employee a backdoor way of recovering more from his employer than the exclusive workers’ compensation remedy, since the UM coverage of a self-insured employer would come out of that employer’s pocket. The plaintiff neither distinguishes Jackson in any way, nor does he cite any legal authority to the contrary.
For the foregoing reasons, we convert the appeal to a writ, grant the writ, and render judgment in favor of the RTA and TMSEL vacating the judgment of the trial court by granting their exception of no cause of action, and remand for further proceedings consistent with this opinion.
*404 APPEAL CONVERTED TO A WRIT; WRIT GRANTED; DEFENDANTS’ EXCEPTION OF NO CAUSE OF ACTION GRANTED; REMANDED.

. There are no reasons for judgment.