975 So.2d 660 (2008)
Marie GALATAS, Melva Pratts, New Creation Christian Church, Thedora Herring, Rosemary Grunewald, Martha Diaz, Patricia Corman, Emma J. Williams
v.
WALLACE C. DRENNAN, INC.
No. 2007-CA-0567.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2008.
Rehearing Denied March 5, 2008.
Pastor Marie Galatas, Thedora Herring, Martha Diaz, Emma J. Williams, New Orleans, LA, In Proper Persons, Plaintiffs/Appellants.
Richard S. Vale, Pamela F. Noya, Blue Williams, L.L.P., Metairie, LA, for Wallace C. Drennan, Inc.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from the trial court's granting of a motion for summary judgment in favor of Wallace C. Drennan, Inc. The trial court found that no evidence was presented in opposition to the motion for summary judgment. The record documents that no genuine issues of material fact exist. Therefore, Wallace C. Drennan, Inc. is entitled to summary judgment. Thus, we find the trial court correctly granted the motion for summary judgment and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The City of New Orleans entered into a contract with Wallace C. Drennan, Inc. ("Drennan") to perform repair work on Almonaster Avenue from Franklin Avenue to Law Street. During the construction period, houses and property along the route allegedly suffered damage as a result of the repair work.
The original plaintiffs, Marie Galatas, Melva Pratts, New Creation Christian Church, Theodora Herring, Rosemary Grunewald, Martha Diaz, Patricia Corman, and Emma J. Williams (collectively "the Plaintiffs") filed a petition for damages and received a default judgment, which this Court reversed and remanded to the trial court. The trial court later dismissed the claims of the following parties with prejudice: New Creation Christian Church, Almonaster *661 Avenue Damages Recovery Association, and Rosemary Grunewald.
Drennan filed a motion for summary judgment alleging it had immunity and that no proof of negligence existed. After a hearing on the matter, the trial court granted Drennan's motion for summary judgment. This appeal followed.

STANDARD OF REVIEW
Appellate courts review a motion for summary judgment using the de novo standard. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). The mover bears the initial burden of proof to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2).
If the mover will not bear the burden of proof at trial, he must point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966(C)(2). "[A]n adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts establishing that there is a genuine issue of material fact for trial." La. C.C.P. art. 967(B).

MOTION FOR SUMMARY JUDGMENT
Drennan claims entitlement to statutory immunity pursuant to La. R.S. 9:2771 as it did not draft the plans and specifications for the construction. Absent evidence that Drennan did not follow the plans and specifications provided, Drennan asserts that no proof of negligence exists.
The trial court stated that "the Court has been presented with no affidavits of any experts or construction engineers or project engineers to establish that Drennan did not do the work in accordance with the plans and specifications. There's no affidavit in the record. There's no evidence in the record." The record contains no affidavits or other evidence presented by the Plaintiffs in compliance with La. C.C.P. art. 966 and La. C.C.P. art. 967. After our review using the required de novo[1] standard, the record presented to this Court is devoid of any evidence on which we could reverse the holding of the trial court even finding that all of the Plaintiffs' allegations are true for purposes of the motion for summary judgment.

DECREE
Accordingly, we conclude that the motion for summary judgment was properly granted and affirm.
AFFIRMED.
NOTES
[1] A de novo trial means to try "a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." Black's Law Dictionary 392 (5th ed.1979).