TERRI F. LOVE, Judge.
| ]This appeal arises from the trial court’s granting of Old Republic Insurance Company’s (“Old Republic”) motion for summary judgment dismissing it from the suit filed by Vanessa Davis (“Ms. Davis”) seeking damages for injuries sustained as a result of an automobile accident. The trial court concluded that Old Republic presented sufficient proof to establish that Ms. Davis would be unable to show she is entitled to any coverage under the automobile liability insurance policy Old Republic issued to Ms. Davis’ employer, Veolia Transportation Services, Inc. (“Veolia”). On appellate review, we find Old Republic proffered evidence of Veolia’s execution of the waiver form for uninsured and under-insured motorist coverage (“UM coverage”) sufficient to establish that Veolia rejected coverage, and thus, precludes coverage for Ms. Davis. Accordingly, we find that the trial court did not manifestly err in granting Old Republic’s motion for summary judgment and dismissing all of Ms. Davis’ claims against Old Republic.
1 .FACTUAL AND PROCEDURAL BACKGROUND
In November 2010, Ms. Davis, an employee of Veolia, was operating a paratran-sit vehicle in the course and scope of her employment traveling westbound on I — 10 near Morrison Road when her vehicle was struck from the rear by a vehicle owned by Elaine Straham and operated by Jennifer Webb. As a result of the collision, Ms. Davis sustained damages.
Ms. Davis has a pending worker’s compensation claim against her employer Veo-lia, who has paid all medical and indemnity expenses to date resulting from the accident.
Old Republic issued a business auto insurance policy to Veolia with effective dates July 2010 to July 2011 and that was in effect on the date of the accident in November 2010. Additionally, Richard Rabs (“Mr. Rabs”), Veolia’s Vice President of Claim and Risk Management, executed three UM waiver forms in June 2010, rejecting UM coverage for bodily injury to a Veolia employee arising out of an accident during the course and scope of employment.
In March 2011, Ms. Davis filed a claim for damages against Allstate Property and Casualty Insurance Company and Ms. Webb. Subsequently, in December 2011, Ms. Davis added Old Republic as a defendant alleging that Old Republic provided a policy of automobile liability insurance coverage to Veolia as well as provided UM coverage.
Thereafter, both parties filed motions for summary judgment. Ms. Davis alleged in her motion for summary judgment that the UM waiver forms are invalid labe cause the forms were not duly executed and the forms were materially altered. Conversely, in its motion for summary judgment, Old Republic averred that Veolia waived coverage as evidenced by validly executed UM waiver forms. The trial court granted summary judgment in favor of Old Republic and in a written judgment dismissed all *814 claims against Old Republic with prejudice.[1] This appeal follows.

STANDARD OF REVIEW

On appellate review, motions for summary judgment are reviewed de novo. Galatas v. Wallace C. Drennan, Inc., 07-0567, p. 2 (La.App. 4 Cir. 1/23/08), 975 So.2d 660, 661. See also Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This Court in Galatas, 07-0567, p. 2, 975 So.2d at 661, explained:
Summary judgment is favored and shall be construed “to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2). The mover bears the initial burden of proof to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover will not bear the burden of proof at trial, he must point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966(C)(2). [A]n adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth |4specific facts establishing that there is a genuine issue of material fact for trial.’ La. C.C.P. art. 967(B).

MOTION FOR SUMMARY JUDGMENT

Ms. Davis claims that the trial court erred in granting Old Republic’s motion for summary judgment because: (1) the Commissioner of Insurance waiver form was materially altered; (2) Old Republic never presented evidence to link any of the three waiver forms to the vehicle Ms. Davis operated; (3) the policy number on the waiver form does not match the policy number on the declaration page; (4) Veo-lia, as a juridical person, was required to have a legal representative sign the waiver form and print the name of the named insured on the waiver form; and, (5) Old Republic failed to offer sufficient evidence to support its motion for summary judgment.

Materially Altered UninsuredlUnderin-sured Motorist Form

La. R.S. 22:1295 establishes the statutory provisions governing uninsured motorist coverage. In particular, La. R.S. 22:1295(l)(a)(ii) sets forth that rejection of uninsured motorist coverage “shall be made only on a form prescribed by the Commissioner of Insurance.” La. R.S. 22:1295(l)(a)(ii). A properly completed and signed waiver form creates a rebutta-ble presumption that the insured knowingly rejected UM coverage. Id.
Because “any exclusion from coverage in an insurance policy must be clear and unmistakable,” the insurer bears the burden of proving that its named insured rejected in writing the UM coverage “equal to bodily injury coverage or selected lower limits.” See Duncan v. U.S.A.A. Ins. Co., 06-0363, p. 4-5 (La.11/29/06), 950 So.2d 544, 547.
|fiIn this case, Old Republic offered three individual UM waiver forms which it claims prove that the Veolia rejected UM
*815 DAVIS v. ALLSTATE PROPERTY & CAS. INS. CO. Cite as 129 So.3d 811 (La.App. 4 Cir. 2013) La. 815 coverage. The Louisiana Commissioner of Insurance published in August 2008 Bulletin No. 08-02, issuing the revised UM form “in response to the myriad of issues that Louisiana courts have recently examined ... including ... what constitutes a properly completed form.” The revised UM form, which was effective at the time Veo-lia executed its UM waiver forms in June 2010, required that the following tasks must be completed by the insured: “(1) his/her signature; (2) his/her printed name to identify his/her signature; (3) the date the form is completed; (4) initials to select/reject uninsured/underinsured motorist bodily injury (UMBI) coverage prior to signing the form.” Each of the three UM forms executed by Mr. Rabs on behalf of Veolia as the Vice President of Claim and Risk Management and legal representative included: (1)Mr. Rabs’ signature; (2) Mr. Rabs’ printed name; (3) the date each form was completed; and (4) Mr. Rabs’ initials in the appropriate space rejecting coverage. Each form also contains both Veolia and Old Republic’s name in the bottom right corner. Additionally, each form references Veolia’s policy number, MWTB 20991. [2]In her first assignment of error, Ms. Davis avers that the waiver form was materially altered when Old Republic identified the vehicle class at the top of the waiver form. The record demonstrates that Old Republic classified UM bodily injury coverage based on the weight of the vehicle, including vehicles weighing between 0-20,000 pounds, vehicles weighing 20,000 to 50,000 pounds, and vehicles weighing 50,000 or more. Ms. Davis contends that “by altering the |ficommissioner form and adding [cjatergories” the form is “ambiguous,” and modifies the Louisiana uninsured motorist coverage scheme. [3] To support this contention, Ms. Davis points to Howell v. Balboa Ins. Co., 564 So.2d 298 (La.6/29/90). In Howell, the Louisiana Supreme Court held that UM coverage follows the insured, not the vehicle. Id. at 301-02. While UM coverage attaches to the person of the insured and not the vehicle, it is evident from the three forms that Veolia Transportation intended to waive all UM coverage regardless of vehicle weight. Therefore, we conclude that the UM forms were not so materially altered that the forms are invalid. Policy Number [4] In her second assignment of error, Ms. Davis avers that the policy number on the UM forms does not match the policy number referenced on the declaration page of the Old Republic policy. On each of the UM forms for the 2010 to 2011 policy period, the policy number is identified as MWTB 20991. The Old Republic policy’s declaration page makes reference to the subject policy number, MWTB 20991 and underneath a second policy number, MWTB 20660, followed by the description “previous policy number.” Additionally, the declaration page for the 2009 to 2010 policy period further proves that Old Republic, as a practice, references the policy number for the new policy period first followed by the policy number for the previous policy period. Under Ms. Davis’ interpretation of the policy documents, the inclusion of the previous policy number on the declaration form creates a valid basis for finding a defect in the UM forms. However, we find the mere reference to the previous policy number, when the current policy number is identified on both the UM form |7and declaration page, is not a defect that warrants granting summary judgment. Thus, we find that this assignment of error lacks merit.

*816
Veolia’s Legal Representative

In Duncan v. U.S.A.A. Ins. Co., the Louisiana Supreme Court interpreted the Louisiana Commissioner of Insurance’s UM form in existence at the time and noted the six tasks the insured must perform: “(1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.” Duncan, 06-0363, p. 11-12 (La.11/29/06), 950 So.2d 544, 551.
Ms. Davis avers that the UM forms are invalid because although Veolia’s legal representative, Mr. Rabs, may sign for the corporation, Mr. Rabs was required to print Veolia’s name to satisfy the requirements set forth by the Louisiana Supreme Court. In Harper v. Direct General Ins. Co., 08-2874 (La.2/13/09), 2 So.3d 418, the Supreme Court reversed the lower court rulings finding that UM waiver forms were defective where a legal representative had printed the corporate name instead of his own name on the form. The Court in Harper stated:
“our opinion in Duncan reveals that we used the disjunctive “or” with regard to tasks # 3 and # 4: “(3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative.” [emphasis added] Nothing in Duncan links these two separate tasks into a single task, as the district court suggested. To the contranj, as long as the name of the named insured, is printed and the legal representative signs the form, both tasks are satisfied,. Any other interpretation would lead to absurd results, because if the name of the corporate insured is printed as the named insured, it is obvious the corporate insured cannot sign its name, but must act through its legal representative.
08-2874, p. 3 (La.2/13/09), 2 So.3d 418, 419-20. (emphasis added).
The Supreme Court concluded that the legal representative could permissibly print the corporation’s name on the form, but the case does not require that the name of the corporation be printed under the signature of the legal representative.
In support of its motion for summary judgment, Old Republic attached the UM forms as well as the affidavit of Mr. Rabs. In his affidavit, Mr. Rabs attested he was authorized “to act as a legal representative of Veolia in the procurement of commercial auto liability insurance policies and the election of coverage under such policies.” The UM forms waiving coverage show Mr. Rabs signed and printed his name in his capacity as Vice President of Claim and Risk Management and legal representative of Veolia. Moreover, each of the UM forms also include the corporation’s printed name in the bottom right corner. For these reasons, we find this assignment of error is without merit.

Sufficiency of Evidence

In her final assignment of error, Ms. Davis contends that Old Republic failed to provide the trial court with sufficient evidence to support the granting of summary judgment. Namely, Ms. Davis claims that Old Republic did not provide a certified copy of its policy or the UM forms, and Mr. Rabs’ affidavit fails to attest to which of the three UM forms he executed waived UM coverage.
A review of the record demonstrates that Ms. Davis has not previously contested the authenticity of the policy or UM forms in the trial court and does so *817 for the first time on appeal. Because Ms. Davis did not raise the issue at the trial court level, we decline to consider this argument on appeal. See Johnson v. Orleans Parish School Board, 05-1038, p. 6 (La.App. 4 Cir. 5/3/06), 932 So.2d 687, 690-91; Johnson v. State, 02-2382, p. 4 (La.5/20/03), 851 So.2d 918, 921.
Even so, this Court in Grelle v. Youngblood, 96-2210 (La.App. 4 Cir. 3/26/97), 691 So.2d 279 held that uncerti-fied copies of insurance policies and declaration sheets filed into the record are competent evidence. This Court stated:
The same rule applies to uncertified copies of insurance policies and declaration sheets which are filed in the record. This court has previously held in Lala v. Schoen Life Insurance Co., 342 So.2d 1283 (La.App. 4th Cir.1977) as follows: “The fact that the insurance policy specimen is uncertified standing alone is not necessarily fatal to the judgment.” Id. at 1284, citing Nemeroff v. Dolphin Swimming Pool Co., 306 So.2d 94 (La.App. 4th Cir.1974). In the instant case, Mr. Grelle does not contest the authenticity of the St. Paul insurance policy attached to State Farm’s motion for summary judgment, but simply raises a technical objection based on competence of the evidence. Because nothing in the record calls the authenticity of the policy into question, we find that the policy excerpts are competent evidence and therefore were properly considered by the trial court in deciding the motion for summary judgment in State Farm’s favor.
Grelle, 96-2210, p. 4, 691 So.2d at 282.
Similar to Grelle, we find Ms. Davis raises the authenticity issue as a technical objection. As this Court has previously determined uncertified copies of insurance policies and declaration sheets filed in the record are competent evidence, the trial court properly considered the policy, declaration page and UM forms in granting Old Republic’s summary judgment. Accordingly, we find this assignment of error lacks merit.
Additionally, we find no merit to Ms. Davis’ argument that Mr. Rabs’ affidavit fails to attest to which of the three UM forms he executed waived UM coverage. As previously discussed, the record is clear that Veolia, through its legal representative, intended to waive all UM coverage when it properly executed all three UM forms.
| ^DECREE
For the foregoing reasons, we conclude that the motion for summary judgment was properly granted and affirm.
AFFIRMED.

. The written judgment does not offer the trial court's reasoning for granting Old Republic’s motion for summary judgment.