PER CURIAM.
[, Plaintiffs filed suit against Travelers Property Casualty Company of America (“Travelers”) in its capacity as the uninsured/underinsured (“UM”) carrier for Gilchrist Construction Co. (“Gilchrist”). Travelers moved for summary judgment, relying on a UM rejection form signed by Joseph Johnson on behalf of Gilchrist. The district court denied summary judgment, and the court of appeal denied Traveler’s application for supervisory writs. Travelers’ application to this court followed.
Plaintiffs do not contest the form of the UM rejection. Instead the sole issue presented is whether Mr. Johnson had author *298 ity to sign the rejection on behalf of Gilchrist.
We have held an insurer may establish by affidavit that ah employee is authorized to reject UM coverage on behalf of a corporation. See Harper v. Direct General Insurance Co. of Louisiana, 08-2874 at p. 3 (La.2/13/09), 2 So.3d 418, 420 (“Liberty Mutual has further established through an unrefuted affidavit that Mr. Jenchel is the Director of Risk Management for Sears, and was authorized to reject UM coverage on behalf of Sears”).
In the instant case, Travelers produced an affidavit from Gilchrist’s president, David R. “Randy” Gilchrist, which stated Mr. Johnson “was duly authorized to act as Gilchrist’s agent for the purpose of rejecting and waiving UM coverage on the aforesaid policy on behalf of Gilchrist.... ” In opposition, plaintiffs simply argued Mr. Johnson testified in his deposition that he did not discuss UM coverage with the | company’s owners and was not aware of any document which exists to show he had authority to sign the UM waiver. This testimony does not establish Mr. Johnson lacked authority to execute the UM rejection.
Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of material facts in dispute mandates the granting of the motion. La.Code Civ. P. art. 967; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is hereby rendered in favor of Travelers Property Casualty Company of America.