| | | |
|---|---|---|
| **BERKLEY ASSURANCE COMPANY** | * | **NO. 2020-CA-0354** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **MELISSA WILLIS, AS PARENT/GUARDIAN OF MACY LEE WILLIS, ET AL.** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

**CONSOLIDATED WITH:**

**BERKLEY ASSURANCE COMPANY**

**VERSUS**

**MELISSA WILLIS, AS PARENT/GUARDIAN OF MACY LEE WILLIS, ET AL.**

**CONSOLIDATED WITH:**

**NO. 2020-CA-0355**

*JCL*

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS.**

I respectfully concur in part and dissent in part. I concur with the majority's conclusion that Berkley stated a cause of action in concursus. I also agree with the majority's reversal of summary judgment in Berkley's favor, but for different, evidentiary reasons. I find that Berkley failed to meet its summary judgment burden to prove that Rony Jo Polizzi, Sr. was the legal representative of the insured. In opposition to Defendants' summary judgment motion, Berkley introduced the affidavit of Rony Jo Polizzi, Sr. attesting to his capacity to execute the UM Form on the Insured's behalf and his signature on the UM Form. Berkley failed, however, to introduce this affidavit in support of its own summary judgment

1

motion.[1] Under current La. C.C.P. art. 966(D)(2), in reviewing the grant of summary judgment in favor of Berkley, this Court may consider only those documents specifically filed in support of or in opposition to Berkley's motion for summary judgment. *See Gibbs Constr., L.L.C. v. Nat'l Rice Mill, L.L.C.*, 17-0113, p. 8 (La. App. 4 Cir. 2/21/18), 238 So.3d 1033, 1039; *Huggins v. Amtrust Ins. Co. of Kansas, Inc.*, 20-0516, p. 6 (La. App. 1 Cir. 12/30/20), 319 So.3d 362, 367.[2]

As Berkley is the concursus plaintiff, as well as the party moving for summary judgment, and the insurer seeking to establish rejection of full UM coverage, the summary judgment burden remained with Berkley to show that no genuine issue of material fact remained such that it was entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(D)(1). I find, with respect to Berkley's motion, that the burden never shifted to Defendants. The district court erred in granting summary judgment in Berkley's favor, and I would reverse the judgment in that respect.

---

[1] Numerous courts have relied on an unrefuted affidavit to establish that the individual whose signature appears on the UM Form was authorized to reject UM coverage on behalf of the insured. *See, e.g., Vitelaro v. Zanca*, 15-1365, p. 5 (La. App. 4 Cir. 6/22/16), 195 So.3d 1259, 1262 (citing *Harper v. Direct General Ins. Co.*, 08-2874, p. 3 (La. 2/13/09), 2 So.3d 418, 420); *Banquer v. Guidroz*, 09-466, pp. 3-4 (La. 5/15/09), 8 So.3d 559, 561; *Voinche v. Capps*, 14-1498, p. 1 (La. 10/24/14), 150 So.3d 297, 298; *Davis v. Allstate Prop. & Cas. Ins. Co.*, 13-0244, p. 8 (La. App. 4 Cir. 11/27/13), 129 So.3d 811, 816. Courts have also recognized that a corporate executive's authority to reject UM coverage may be established explicitly or implicitly, but that corporate authority must be proved by admissible evidence. *See Gunter v. State Farm Mut. Auto. Ins. Co.*, 12-0562, p. 1 (La. 5/4/12), 88 So.3d 444, 445 (citing *Stewart v. Edwards*, 34,435, p. 8 (La. App. 2 Cir. 4/4/01), 784 So.2d 740, 746); *Ruiz v. Lewis*, 579 So.2d 1203, 1206 (La. App. 4th Cir. 1991). Rony Polizzi, Sr.'s printed name and signature appear on the UM Form, which was properly introduced. Nevertheless, none of the remaining documents introduced affirmatively show his capacity as the Insured's legal representative.

[2] "Under prior summary judgment law, in a case where cross motions for summary judgment were filed, the district court was able to consider each party's motion as an opposition to the other party's motion and to consider all evidence offered on the cross motions." *Huggins*, 20-0516, p. 6, 319 So.3d at 367 (citing *Bouquet v. Williams*, 16-0134, pp. 4-5 (La. App. 1 Cir. 10/28/16), 206 So.3d 232, 236-37; *Smart v. Calhoun*, 49,943, p. 6 (La. App. 2 Cir. 7/29/15), 174 So.3d 168, 172-73)(finding that former La. C.C.P. art. 966(F)(2) did not require parties to file a separate opposition when they filed cross motions for summary judgment on the same issue).

I dissent, however, from the majority's finding that Defendants were entitled to partial summary judgment. I disagree with their conclusion that the lack of an insurer name renders the UM form invalid. The Louisiana Supreme Court held in *Gingles v. Dardenne*, 08-2995 (La. 3/13/09), 4 So.3d 799 that omission of the insurer name did not render the UM form invalid. *Gingles* (and also *Duncan v. U.S.A.A. Ins. Co.*, 06-0363 (La. 11/29/06), 950 So.2d 544) relied on a prior insurance commissioner bulletin, Bulletin 98-01, setting forth the applicable UM form at that time. That bulletin has since been updated to reflect a revised UM form, which is provided for in Bulletin 08-02. No cases have interpreted *Gingles* on this issue since Bulletin 08-02 has been effective.[3] Nevertheless, the majority finds that Bulletin 08-02 superseded *Gingles*.

Bulletin 98-01 contained the following language:

> The prescribed UM Form is required by law to be used with all automobile insurance policies delivered or issued for delivery in Louisiana. FOR IDENTIFICATION PURPOSES, **THE COMPANY NAME MUST BE PLACED** AT THE LOWER LEFT–HAND CORNER AND THE POLICY NUMBER AT THE LOWER RIGHT–HAND CORNER OF THE FORM.

(Emphasis added).

Bulletin 08-02 provided, in relevant part:

IMPORTANT FORM CHANGES

---

[3] One recent case found that the absence of an insurer name on the subject UM form rendered the form invalid. *Hart v. Mabou*, 21-0028, p. 20 (La. App. 3 Cir. 6/23/21), --- So.3d ---, 2021 WL 2559252, *9. However, that opinion contained no reference to *Gingles* and all parties conceded that the form at issue did not meet the requirements for a valid UM waiver. The disputed issue was instead whether the form at issue, or a prior form, applied to a renewal of the policy. I find this case distinguishable. Likewise, I distinguish the facts of the other cases cited by the majority, which recognized the updated provisions of Bulletin 08-02, but which relied on other deficiencies to find their subject UM forms invalid. *See Dotson v. Price*, 399 F.Supp. 3d 617 (E.D. La. 2019); *Barras v. Cardinal Svcs., LLC*, 19-0530 (La. App. 3 Cir. 4/1/20), 297 So.3d 877. Similarly, I do not find the federal district court's conclusion persuasive in *Guillory v. Commonwealth Ins. Co. of America*, No. 19-1679, 2021 WL 149474 (W.D. La. 2021), which relied on the aforementioned cases, *Dotson* and *Barras*.

●POLICY NUMBER AND OTHER POLICY IDENTIFICATION INFORMATION - The revised UM form includes two boxes on the lower right hand corner of the form.

●The upper box contains an area that the insurer may use for policy information purposes (e.g. policy number, binder number [], application number, etc.). This box does not need to be filled in for the form to be properly completed.

●The lower box **must contain** one of the following: **the individual company name, the group name, or the insurer's logo.**

(Emphasis added).

Both Bulletin 98-01 and Bulletin 08-02 contained language that the insurer name "must" appear on the UM form. There has been no change in this language. Even though the insurance commissioner stated in Bulletin 98-01 that the insurer name "must be placed" on the relevant form, *Gingles* held that failure to do so did not invalidate the form or mandate UM coverage where otherwise rejected by the insured. While Bulletin 08-02 changed the placement for inserting the insurer name on the form and provided a box for that placement, I cannot ascribe such meaning to this change that would supersede Supreme Court precedent.

I certainly acknowledge the UM coverage statute's directive for the insurance commissioner to prescribe a form and to determine what that form would require. *See Duncan*, 06-0363, pp. 12-13, 950 So.2d at 552; La. R.S. 22:1295(1)(a)(ii). Under the *Chevron* doctrine, considerable weight should be afforded to an administrative agency's construction and interpretation of its rules and regulations adopted under a statutory scheme that it is entrusted to administer, and deference must be awarded to its administrative interpretations. *Matter of Recovery I, Inc.*, 93-0441, p. 11 (La. App. 1 Cir. 4/8/94), 635 So.2d 690, 696

4

(citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984));[4] *Forbes v. Cockerham*, 08-0762, p. 34 (La. 1/21/09), 5 So.3d 839, 859. Nevertheless, the insurance commissioner is not the "final, definitive arbiter for the interpretation and reconciliation of the Insurance Code and insurance policy language. That role is of course constitutionally assigned to the judiciary." *Bayham v. State Through Off. of Grp. Benefits*, 18-1708, p. 10 (La. App. 1 Cir. 8/29/19), 285 So.3d 1111, 1117, *writ denied*, 19-01667 (La. 1/14/20), 286 So.3d 1040 (citing *Wooley v. State Farm Fire and Cas. Ins. Co.*, 05-1490, p. 7 (La. App. 1 Cir. 2/10/06), 928 So.2d 618, 622-23); *Breazeale v. T.T.*, 12-1703, pp. 14-15 (La. App. 1 Cir. 4/26/13), 117 So.3d 192, 202 (comparing La. R.S. 22:2 *et seq* with La. Const. art. V, § 1). As the Supreme Court addressed the issue and held that absence of an insurer name did not render a UM form invalid, this Court must be bound by that precedent.

Further, no party disputes that the Insured intended to select $30,000 in UM coverage limits. Indeed, all relevant spaces are signed, initialed, and dated, and $30,000 is explicitly typed onto the UM Form where required. There simply can be no debate as to the lower amount of UM coverage limits that the Insured intended to select.

Moreover, no dispute exists that Berkley is the insurer. Berkley initiated this proceeding. Berkley's policy, and no other, is in evidence. Defendants specifically seek recovery of Berkley's policy proceeds. I cannot overlook that there is no question as to which policy the UM Form applies. The prescribed form, which

---

[4] "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Chevron*, 467 U.S. at 843-44, 104 S. Ct. at 2782. "Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.*

initially selects lower UM limits, "shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto." La. R.S. 22:1295(1)(a)(ii). According to Berkley's unrefuted affidavit by its adjuster, the Berkley policy was the only policy in effect on the date of the accident, and the UM Form was a "true and accurate copy of the UMBI Form executed by Rony's Towing & Recovery d/b/a Rony's Towing." "Requiring the UM form to bear the name of the insurance company where there is no uncertainty regarding the policy to which the form pertains would be a hyper-technical, absurd result." *Dixon v. Direct Gen. Ins. Co. of Louisiana*, 08-0907, pp. 7-8 (La. App. 1 Cir. 3/27/09), 12 So.3d 357, 362 (citing *Harper v. Direct General Ins. Co.*, 08-2874, p. 3 (La. 2/13/09), 2 So.3d 418, 420). "The purpose of requiring the UM waiver to be clear and unmistakable is to establish that the insured knowingly waived coverage under a particular policy." *Dixon*, 08-0907, p. 8, 12 So.3d at 362.

I see no reason to conclude that Bulletin 08-02 supplanted *Gingles*' holding on this issue. I find that *Gingles* remains good law, and the lack of the Berkley company name, group name, or logo on the UM Form does not render the UM Form invalid. Thus, I dissent in part from the majority's reversal of the district court judgment denying Defendant's summary judgment motion.