CLARENCE E. McMANUS, Judge.
[^Defendant, Jerome Winder, appeals a judgment of the district court denying his exceptions of nonjoinder of a necessary party, no cause of action and vagueness. For the following reasons, we grant the motion to dismiss this appeal filed by plaintiffs, reserving to defendant his right to file an application for supervisory writs within thirty days of date of this opinion.
Plaintiffs filed suit on December 8, 2003, against Jerome Winder and Lexington Insurance Company for damages as a result of alleged burglaries of their home which they contend were committed by Winder’s minor child and other persons. On April 24, 2006, Winder filed a Motion for Peremptory Exceptions of Nonjoinder and No Cause of Action and Dilatory Exception of Vagueness and Ambiguity. The trial court denied Winder’s Motion for Exceptions on March 6, 2007, and Winder appealed.
After the appeal was lodged in this Court, plaintiffs filed a motion to dismiss, alleging that the judgment sought to be appealed was an interlocutory judgment.
Defendant Winder filed a motion to strike appellees’ brief alleging that the verbiage used is insulting and inflammatory in nature, and that it refers to the |sminor by name, contrary to Uniform Rules of the Louisiana Courts of Appeal, Rule 2-12.4 and Rule 5-2.
MOTION TO DISMISS
A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841. A final judgment is appealable in all causes in which appeals are given by law. LSA-C.C.P. art. 2083. That article was recently amended to provide that an interlocutory judgment is appealable only when expressly provided by law. According to C.C.P. art. 1915(B)(1)(2), in part:
*816 B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
The judgment before us is not final. It does not dispose of all of the claims and issues in plaintiffs action, and it has not been designated as final for purposes of . appeal by the trial court.
Accordingly, we grant the motion filed by plaintiffs and dismiss this appeal. Defendant has thirty days from the date of this opinion within which to file an application for supervisory writs.
MOTION TO STRIKE
Uniform Rules, Courts of Appeal, Rule 12.4 provides in pertinent part that
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rule Ushall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.
The language, as set forth in the brief, does not fit the parameters as described above, instead it sets forth the allegations that plaintiff has made against defendant, and therefore the motion to strike made on this ground is without merit.
Defendant also alleges that appel-lees’ brief should be stricken for violation of Uniform Rules, Courts of Appeal, Rule 5-2. That rule is applicable to suits brought pursuant to the Children’s Code, including child in need of care/child in need of supervision, termination of parental rights and adoption, and is not applicable to this tort action. Accordingly, defendant’s motion to strike is denied.

MOTION TO STRIKE DENIED; MOTION TO DISMISS GRANTED; APPEAL DISMISSED.