986 So.2d 817 (2008)
Renee Gray HALL, et al., Plaintiffs-Respondents
v.
Larry Levelle JAMES, Defendant-Applicant.
No. 43,263ZCW.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*818 Edward F. Jones, Shreveport, for Defendants-Applicants Larry Levelle James and Lisa Gray James.
William Ledbetter, Jr., Bossier City, for Plaintiffs-Respondents Renee Gray Hall, Terry A. Gray and Diane Gray Rochelle.
Hargrove, Smelley & Strickland by Glenn L. Langley, Shreveport, for Defendant-Respondent Samson Contour Energy E & PLLC.
Before GASKINS, DREW and LOLLEY, JJ.
GASKINS, J.
The defendants, Larry James and Lisa Gray James, sought supervisory review of a trial court ruling denying their exceptions of no cause of action and prescription. We granted the writ application for consideration of the defendants' claims. For the following reasons, we reverse the trial court ruling which denied the defendants' exception of no cause of action. Our decision precludes the necessity of considering the arguments regarding prescription raised herein.

FACTS
Leon W. Gray, Sr., and his wife, Mary Merritt Gray, were the owners of two corporations, Leon W. Gray Contractor, Inc. (Gray Contractor), and Leon W. Gray Investments, Inc. (Gray Investments). On July 12, 1996, the Jameses purchased immovable property in Webster Parish from Gray Investments. The deed conveyed to the Jameses one-half of the royalties and mineral interests in the property and reserved the other one-half to Gray Investments. Division orders were prepared by Kelley Oil Corporation and the Jameses began receiving royalties.
At some point, Mr. Gray died; a judgment of possession was entered on March 14, 2005, transferring Mr. Gray's property to his heirs. The judgment of possession encompassed a compromise agreement which specified that the property and assets of Gray Contractor and Gray Investments were in fact owned in indivision one-half by the decedent and one-half by his wife. In other words, Leon Gray and his wife, Mary Merritt Gray, and not the corporations, were actually the owners of the property purportedly owned by the corporations. The judgment of possession recognized Mrs. Gray as the decedent's surviving spouse and awarded certain property to her in the judgment.
The judgment of possession also specified property and/or money to be awarded to the decedent's children, Beverly Gray Wunnenberg, Renee Gray Hall, Terry A. Gray, Diane Gray Rochelle, and Leon W. Gray, Jr. After this transfer, the decedent's children perceived that an excessive amount of royalties had been paid to the Jameses. The heirs made inquiries of Samson Lone Star Limited Partnership (Samson Lone Star), the successor in interest to Kelley Oil Corporation. According to the Jameses, the company determined that, pursuant to division orders executed by Mr. Gray and the Jameses, the Jameses were paid one-half of the total royalties owned by and owed to Gray Investments and/or Mr. Gray, Sr., rather *819 than the one-half due them for royalties on the property they purchased. The Jameses claim that the division orders were corrected in 2005 and that the plaintiffs have been paid the correct amount of royalties thereafter. The Jameses contend that their royalty payments have been held in escrow since that time.
On July 13, 2007, three of the decedent's heirs, Renee Hall, Terry A. Gray, and Diane Rochelle, filed a petition for recovery of mineral proceeds, naming Larry and Lisa James as defendants, as well as Samson Contour Energy E & P, LLC (Samson), the successor in interest to Samson Lone Star. The plaintiffs sought to recover from the defendants the payments attributable to the plaintiffs' ownership interest which were made in error beginning in 1996 until the payments were suspended by Samson. In addition to seeking recovery from Samson, the plaintiffs sought recovery from the Jameses, claiming that they were unjustly enriched by receiving royalty payments in excess of their ownership interest in the property.
The Jameses filed exceptions of vagueness, no cause of action, no right of action, and prescription.[1] They argued that La. C.C. art. 3494 provides that an action to reclaim mineral royalties prescribes three years after the payments are due. They also claimed that Gray Investments was the proper party to bring the claim to recover the overpayment of mineral royalties, not the heirs. The Jameses did not argue their exception of vagueness in the trial court.
A hearing on the exceptions was held on November 27, 2007. At the close of the hearing, the trial court denied the exceptions of no right of action, no cause of action, and prescription. On the issue of prescription, the trial court found that the action for unjust enrichment against the Jameses was a personal action and subject to a 10-year prescriptive period.
The Jameses filed an application for supervisory review with this court. In their writ application, the Jameses urge that the trial court erred in denying their exceptions of no cause of action and prescription. The denial of exceptions of no cause of action and prescription are interlocutory matters that are not appealable. See La. C.C.P. arts. 1841 and 2083. The Jameses properly sought a writ of review on these matters. This court may exercise its supervisory jurisdiction if there is a showing of irreparable harm pursuant to the guidelines in Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981):
When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.
This court granted the writ application and docketed the matter for decision.

NO CAUSE OF ACTION
The Jameses contend that the plaintiffs had no cause of action against them because there was no privity of contract between the plaintiffs and them. They argue that the plaintiffs and the Jameses each had a contract with Samson for the payment *820 of royalties, but they had no contract with each other. According to the Jameses, the plaintiffs should have filed suit only against Samson for overpaying royalties to the wrong party. It would then be up to Samson to file a third party demand against the Jameses. Therefore, the Jameses claim that the plaintiffs had no cause of action against them and the trial court erred in failing to sustain their exception of no cause of action.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Industrial Companies, Inc. v. Durbin, XXXX-XXXX (La.1/28/03), 837 So.2d 1207. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Industrial Companies, Inc. v. Durbin, supra. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court conducts a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Industrial Companies, Inc. v. Durbin, supra. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Industrial Companies, Inc. v. Durbin, supra.
La. C.C. art. 2298, dealing with enrichment without cause, specifies in pertinent part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. [Emphasis supplied.]
Prior to the enactment of the above article, the Louisiana Supreme Court established five requirements for proving unjust enrichment, as follows: (1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the resulting impoverishment; (4) there must be an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to the plaintiff. See Industrial Companies Inc. v. Durbin, supra.
As set forth in the statute, La. C.C. art. 2298 provides that unjust enrichment is a remedy of last resort, available only when no other remedy is available. Certainly, the plaintiffs have a cause of action against Samson to recover for the underpayment of royalties to them and overpayment to the Jameses. Therefore, the requirement that the plaintiffs have no other remedy at law is not satisfied.[2] The plaintiffs *821 have no cause of action against the defendants. Accordingly, we reverse the trial court judgment denying the exception of no cause of action.
La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
We find that the grounds for the exception of no cause of action cannot be removed by amendment of the petition. Therefore, we dismiss the plaintiffs' demands against the Jameses.

PRESCRIPTION AND CONTRA NON VALENTEM

Because we reverse the trial court ruling and hereby sustain the exception of no cause of action, any discussion of the parties' arguments regarding prescription and the application of the doctrine of contra non valentem are rendered moot.

CONCLUSION
For the reasons stated above, we reverse the trial court ruling which denied the exception of no cause of action raised by the defendants, Larry James and Lisa Gray James, in response to the claims made by the plaintiffs, Renee Gray Hall, Terry A. Gray, and Diane Gray Rochelle. We sustain the exception of no cause of action and dismiss the plaintiffs' demands against the Jameses. Costs in this court are assessed to the plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] Although Samson filed some exceptions, those issues are not before this court for review.
[2] The jurisprudence shows that, if Samson filed a third-party claim against the Jameses to recover royalty payments that might be due the plaintiffs, then Samson's claim would be restricted to the three-year prescriptive period of La. C.C. art. 3494, regardless of the name placed on the cause of action. See Matthews v. Sun Exploration and Production Company, 521 So.2d 1192 (La.App. 2d Cir.1988).